## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **GARY R. GOLDING,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   Case No. <u>7:18cv584</u> |
| | ) |
| **KENNETH A. CLARK,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

COMES NOW the plaintiff, Gary R. Golding, by counsel, and for his Complaint against the defendant alleges as follows:

### JURISDICTION AND VENUE

### Parties and Jurisdiction

1.      This is a suit for personal injury arising out of a bicycle collision which occurred on July 1, 2018, on the New River Trail in Galax, Virginia.

2.      Diversity jurisdiction exists pursuant to 28 U.S.C. § 1332.

3.      The plaintiff is a domiciliary of North Carolina and was, at the time of the events in question, residing in Mount Airy, North Carolina.

4.      The defendant is a resident and domiciliary of the Commonwealth of Virginia and resided in Galax, Virginia, at the time of the events in question.

5.      On or about July 1, 2018, the defendant negligently caused injury to the plaintiff when the defendant drove on the wrong side of the New River Trail on his elliptical bicycle in Galax, Virginia.

6.     General personal jurisdiction is appropriate over the defendant because he is domiciled in the Commonwealth of Virginia.

7.     Venue is appropriate because the injurious misconduct occurred within the Roanoke Division of the U.S. District Court for the Western District of Virginia.  Rule 2(a)(7) USDC Western District of Virginia Local Rules.

8.     The amount in controversy in these proceedings exceeds $75,000, as the plaintiff's accident-related medical expenses incurred to date are in excess of $75,000.

### Factual Background

9.     At approximately 8:45 a.m. on July 1, 2018, Kenneth Clark negligently operated his Elliptigo 8C elliptical bicycle by riding on the wrong side of the bicycle path in the plaintiff's lane of travel while headed southbound on the New River Trail in Galax, Virginia.

10.     At all relevant times leading up to the collision, the plaintiff was operating his bicycle northbound on the trail, to the right of the center of the trail, lawfully, properly, and with due care for others.

11.     As the defendant approached the plaintiff on the trail, the defendant was looking toward a campground on the (defendant's left) side of the trail, and defendant's direction of travel was to the left, across plaintiff's direction of travel.

12.     As the defendant approached the plaintiff, the defendant's attention was not focused toward the trail itself, nor to those approaching from the opposite direction, and he was not keeping a proper look-out for others on the trail.

13.      Immediately upon seeing defendant within his lane of travel, plaintiff attempted to avoid the defendant, but the defendant collided with the plaintiff's bicycle head on.

2

14.     As a result of this collision, the plaintiff was thrown from his bicycle onto the ground.

15.     The plaintiff, in severe pain, lay in the trail for approximately forty-five (45) minutes waiting for Emergency Medical Services personnel to arrive.

16.     At no point did the defendant, who is a medical doctor, offer to or render assistance or medical aid to the plaintiff.

17.     The plaintiff suffered severe injuries as a result of this collision, including three fractures of his pelvis and severe swelling and bruising of his pelvic area.

## COUNT ONE – NEGLIGENCE

18.     At all times relevant hereto, the defendant had a duty to safely operate his Elliptigo 8C bicycle.

19.     The defendant had a duty to operate his Elliptigo 8C bicycle in the proper lane of travel on the right-hand side of the trail immediately prior to the collision at issue.

20.     The defendant had a duty to keep his attention focused toward the direction he was going and to look out for other bicyclists, pedestrians or others using the trail.

21.     The defendant had a duty, subsequent to the collision with Plaintiff, to come to his rescue and render aid for the injuries that Plaintiff suffered as a result of the defendant's negligence.

22.     Notwithstanding these duties, the defendant was negligent and careless in the operation of his Elliptigo 8C bicycle and such negligence proximately caused the collision in which Plaintiff was seriously injured.

23.     The defendant's negligence included, but was not limited to, the following:

    a.   Failure to operate his Elliptigo 8C bicycle safely;

     b.  Failure to operate his Elliptigo 8C bicycle in the proper lane of travel immediately prior to the collision at issue;

     c.  Failure to give full time and attention to the operation of his Elliptigo 8C bicycle;

     d.  Failure to keep a proper lookout while operating his Elliptigo 8C bicycle;

     e.  Failure to come to Plaintiff's aid and render assistance following the collision that the defendant's negligence caused;

     f.  Otherwise operating the Elliptigo 8C bicycle negligently in such a way as to cause it to crash into Plaintiff.

24.    As a result of the violation of these duties and the negligence in the operation of the Elliptigo 8C bicycle, the defendant proximately caused the collision which injured Plaintiff.

25.    As a direct and proximate result of the defendant's negligence, Plaintiff was seriously injured, suffering three pelvis fractures and severe swelling and bruising of his pelvic region.  Plaintiff presently remains in constant pain and anguish and currently suffers limited mobility from the crash.  Plaintiff cannot put weight on his left side and therefore must use a walker or wheel chair to move about.  Plaintiff's injuries have also prevented him from pursuing his employment since the accident, and he has suffered lost wages as a result.

26.    Plaintiff is still recovering from his injuries, and his injuries are likely permanent.

27.    Plaintiff also asserts a claim for negligent infliction of emotional distress for his psychological and physical injuries, for having to lay on the trail in severe pain with a broken pelvis for nearly forty-five (45) minutes waiting for emergency assistance to arrive, and for the continued pain and anguish he suffers as result of the defendant's negligence.

WHEREFORE, the plaintiff, by counsel, moves the Court for judgment against the defendant in the sum of FOUR HUNDRED THIRTY-FIVE THOUSAND DOLLARS ($435,000.00) with interest thereon from July 1, 2018.

Trial by jury is demanded.

GARY R. GOLDING

By:   /s/ Charles H. Smith, III_____
                      Counsel

Charles H. Smith, III (VSB No. 32891)
GENTRY LOCKE RAKES & MOORE, LLP
800 SunTrust Plaza
P. O. Box 40013
Roanoke, VA  24022-0013
(540) 983-9300
Fax:  (540) 983-9400
Email:  smith@gentrylocke.com

*Counsel for Plaintiff*

25670/1/8586671v1